UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EACONOMY, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>AUVORIA PRIME, LLC, *et al.*,<br><br>Defendants. | No. 1:20-cv-00423-NONE-BAM<br><br>ORDER TO SHOW CAUSE WHY PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER SHOULD NOT BE DENIED<br><br>(Doc. No. 8) |

Before the court for consideration is plaintiff Eaconomy, LLC's motion for a temporary restraining order ("TRO motion") against defendants Auvoria Prime, LLC ("Auvoria") and Sal Leto ("Leto"). (Doc. No. 8.) According to plaintiff, it needs injunctive relief "now on an emergency basis" because distributors of its foreign exchange market ("FOREX") trading software products "are now leaving the company in great numbers," and if this continues, it will have "no business at all." (Doc. No. 8 at 2, 9, 11.) Plaintiff pins its TRO motion on the argument that it will likely succeed on its claims for misappropriation of trade secret and interference with contractual relations. (*Id.* at 8-10.) Based on its claim for misappropriation of trade secret, plaintiff asks the court to enjoin defendants from using plaintiff's proprietary database to recruit distributors. (Doc. No. 8 at 12.) Plaintiffs also request that the court enjoin defendants from

/////

1

contacting and recruiting its distributors based on the claim for interference with contractual relations. (*Id.*)

Under Local Rule 231(b),

> In considering a motion for a temporary restraining order, the Court will consider whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order. Should the Court find that the applicant unduly delayed in seeking injunctive relief, the Court may conclude that the delay constitutes laches or contradicts the applicant's allegations of irreparable injury and may deny the motion solely on either ground.

Under this rule, the court must determine when plaintiff knew of defendants' purported use of the proprietary database to recruit plaintiff's distributors and whether plaintiff unduly delayed in bringing the instant TRO motion after learning of defendants' allegedly unlawful conduct.

Based on the record presented to the court thus far, it appears plaintiff unduly delayed in bringing this emergency motion before the court. Notably, plaintiff asserts defendant Leto left Eaconomy and started recruiting plaintiff's distributors in mid-February 2020, and plaintiff's president, Hassan Mahmoud, concedes that he knew that Leto started recruiting plaintiff's distributors as early as March 4, 2020, by way of his receipt of a letter Leto had sent out to plaintiff's distributors. (Doc. No. 8-6 at ¶¶ 13-17.) Nonetheless, plaintiff failed to bring the instant motion until April 6, 2020—over a month later. *See Occupy Sacramento v. City of Sacramento*, No. 2:11-CV-02873-MCE, 2011 WL 5374748, at *4 (E.D. Cal. Nov. 4, 2011) (holding that a twenty-five days delay constitutes undue delay under L.R. 231(b) and undermines plaintiffs' claim for extraordinary remedy of a TRO).

For the foregoing reasons, plaintiff is ordered to show cause in writing on or before 5:00 p.m. on Monday, April 13, 2020, why its TRO motion should not be denied under Local Rule 231(b) based upon its undue delay in seeking emergency relief. Defendants may file a response thereto no later than 5:00 p.m. on April 15, 2020.

IT IS SO ORDERED.

Dated: **April 9, 2020**

UNITED STATES DISTRICT JUDGE

3